UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BAGETT MCCALL BURGESS WATSON & GAUGHAN LLC** | : | **DOCKET NO. 2:22-cv-05842** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **REPUBLIC UNDERWRITERS INS CO** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is third-party plaintiff Republic Underwriters Insurance Company's ("Republic") Motion to Proceed Under Case Management Order No. 1 [doc. 32] and Motion for Oral Argument regarding the Motion to Proceed Under Case Management Order No. 1 [doc. 44]. The Motion to Proceed Under Case Management Order No. 1 is opposed by third-party defendants Jim Burton and Premier Adjusting & Catastrophe Services, Inc. (collectively referred to as "Premier Defendants"). Doc. 42. Republic filed a reply in support of its motion [doc. 43], making this motion ripe for resolution. For the reasons stated below, the instant motions [docs. 32 & 44] are **DENIED.**

### I.
#### BACKGROUND

This case arises from a first-party insurance dispute between plaintiff-in-suit, Bagett McCall Burgess Watson Gaughan LLC ("Bagett McCall") and Republic for Republic's alleged failure to tender amounts due for property damage caused by Hurricanes Laura and Delta (the "original action"). Doc. 1, att. 1. The original action was ordered to follow Case Management Order No. 1 (the "CMO") which implemented a streamlined settlement process (the "SSP") to deal

with the numerous actions filed in the wake of Hurricanes Laura and Delta. Doc. 2.[1] Accordingly, Bagett McCall settled its claims with Republic on October 20, 2023.[2] Doc. 13, ¶ 10. On November 20, 2023, however, Republic filed a Third-Party Demand, naming as third-party defendants the Premier Defendants, Colonial Claims LLC, All Cat Claims Services LLC, and Ace American Insurance Company (collectively, the "Third-Party Defendants").[3] *Id* at ¶ 2. Specifically, Republic seeks indemnity for the "extra contractual damages that are the result of Third Party Defendants' deficient and untimely handling" of Bagett McCall's insurance claims. *Id.* at ¶ 11.

Republic claims that the Third-Party Defendants were hired by Republic to perform field-adjusting services following Hurricanes Laura and Delta, which included services performed on Bagett McCall's property. *Id.* at ¶¶ 13 & 16. Republic specifically claims that Third-Party Defendants are at fault for causing Republic to untimely adjust and pay Bagett McCall's claim. *Id.* at ¶¶32-35. Accordingly, Republic claims that Third-Party Defendants, other than Ace American, are liable to indemnify Republic for the contractual damages component of its settlement with Bagett McCall, attorney's fees and expenses, and judicial interest due to their breach of contract. *Id.* at ¶ 35. Finally, Republic claims a direct action against Ace American as they have issued a liability insurance policy to Third-Party Defendants that provides coverage for actions, inactions, omissions, and any resulting damages thereto, including extra contractual damages. *Id.* at ¶ 36.

---

[1] The CMO was put in place after Hurricanes Laura and Delta to "prevent increased difficulties to the parties involved, to bring as much of this litigation to resolution as expediently and justly as possible, and to allow Southwest Louisiana to move forward with its recovery." Doc. 2, p. 2.

[2] In the instant motion, Republic claims that it settled its claims with Bagett McCall on November 20, 2023, after filing its Motion for Leave of Court to File a Third-Party Complaint [doc. 10]. Doc. 32, att. 1, p. 2. The Motion for Leave [doc. 10], however, was filed on November 16, 2023, and the attached proposed pleading states that Republic had settled its claims with Bagett McCall on October 20, 2023. Doc. 10, att. 4, ¶ 10. As the official Third-Party Complaint also states Republic settled its claims with Bagett McCall on October 20, 2023 [doc. 13, ¶ 10], the court will refer to the October 20, 2023, date as the correct date of settlement between Republic and Bagett McCall.

[3] Colonial Claims has since purchased Premier and subsequently has been purchased by All Cat. Doc. 13, ¶¶ 14-15.

Republic now seeks an order from this court clarifying that the remainder of this action, the third-party action, will proceed under the CMO and SSP that applied to the original action. Doc. 32. Specifically, Republic argues that proceeding under the CMO would be in the interests of judicial efficiency and fairness to all parties because Republic's third-party claims arise from the same facts that were already discovered during the proceedings of the original claim. *Id.* at p. 2.

In opposition,[4] the Premier Defendants claim the CMO does not apply to the claims now at issue and that proceeding under it would cause them undue prejudice. Doc. 42, p. 1. Specifically, they claim the current dispute revolves around the contracts and duties between the remaining parties, not around the coverage, scope, or valuation of damage under an insurance policy, which is the focus of the CMO. *Id.* at pp. 2-3. In this regard, the Premier Defendants submit that the CMO does not contemplate discovery on the remaining issues as its provisions refer only to the "Insurer" and the "Insured," which the Premier Defendants are neither, and because the CMO does not allow discovery of the agreements and contracts that are in dispute in this phase of the action before the conclusion of the SSP. *Id.* at p. 8.[5] Finally, the Premier Defendants argue that, because they were not parties to the suit when prior discovery was conducted, they have not had a chance to participate in discovery or know what was previously produced. *Id.* at p. 9.

In reply, Republic argues that the remaining claims were not filed in a separate proceeding, and so are subject to the CMO since the court has not rescinded it. Doc. 43, p. 2. It further argues

---

[4] The Premier Defendants did not timely file their opposition pursuant to Local Rule 7.4. Because the court has discretion to consider untimely motions, *Opelousas Hotel Grp. LLC v. DDG Constr. Inc.*, No. 6:18-CV-01311, 2023 WL 2732972 at *1 (W.D. La. Jan. 18, 2023), the Premier Defendants' opposition will be considered in resolving the instant motions. As an aside, the court notes that, even without the Premier Defendants' opposition, the court would reach the same conclusion in this matter.

[5] "Except for the disclosures pursuant to the Disaster Protocols, there shall be no formal discovery for any of the Hurricane Cases during the SSP. During the entirety of the SSP, all pretrial matters, discovery, and related activity shall be stayed for cases subject to this Order unless and until the Special Master certifies that that the parties for a particular Hurricane Case have complied with the requirements of this Streamlined Settlement Process." Doc. 2, p. 6.

that although the CMO references only the "Insurer" and the "Insured," as the third-party plaintiff Republic stands in the shoes of the insured. *Id.* at p. 3. Finally, Republic argues the CMO would not frustrate discovery as it has provided the Third-Party Defendants the documents that were produced by both Bagett McCall and Republic in the original action and any further exchange of information "would not be complicated." *Id.* at pp. 3-4.

## II.
### LAW AND ANALYSIS

Generally, the court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery" and "general discretionary power to stay proceedings before it in control of its docket and in the interests of justice." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (internal quotations omitted) (citing *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir.1982)). With that authority, the court has implemented the CMO for all first-party insurance property damage claims arising from Hurricane Laura and Delta. Doc. 2, att. 2, p. 2. The CMO provides for specific discovery procedures, the "Disaster Protocols," and issues a stay to any further discovery outside of the Protocols during the SSP. Doc. 2, p. 2. The purpose of implementing the CMO was "to prevent increased difficulties to the parties involved, to bring as much of this litigation to resolution as expediently and justly as possible, and to allow Southwest Louisiana to move forward with its recovery." *Id.*

Here, the original action has been resolved and the only remaining claims revolve around contract disputes and the duties owed by the Third-Party Defendants under these contracts. Accordingly, this is no longer a first-party insurance dispute that requires the CMO and the procedures set forth by it such as the SSP. As the purpose of the CMO was to allow insureds to expeditiously resolve their claims and begin to rebuild their property and lives after the devastating hurricanes that destroyed the community, the CMO is not needed in a case such as this where the

insured's claim has been resolved and the only disputes left are contract claims between the insurers, their contracted adjusters, and other entities. The court agrees with Premier Defendants that they need an opportunity for full discovery without the constraints of the CMO which does not contemplate the needs of parties in their position. Thus, the Motion to Proceed Under Case Management Order No. 1 [doc. 32] is denied, and, accordingly, the Motion for Oral Argument [doc. 44] with respect thereto is moot.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Third-Party Plaintiff's Motion to Proceed Under Case Management Order No. 1 [doc. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that the Third-Party Plaintiff's Motion for Oral Argument [doc. 44] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in chambers this 31st day of March, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**